**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**OMAR MENDOZA-VILLEGAS,**

       **Petitioner,**

v.                                                **Civil Action No. 3:15cv110**
                                                **(JUDGE GROH)**

**C. WILLIAMS,**

       **Respondent.**

## REPORT AND RECOMMENDATION

### I. Background

On September 16, 2015, the *pro se* Petitioner, Omar Mendoza-Villeges ("Petitioner"), filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241. Petitioner is a federal inmate housed at FCI Gilmer and is challenging the validity of his conviction and sentence imposed in the United States District Court for the Northern District of Georgia. This matter is pending before the undersigned for an initial review and Report and Recommendation.

### II. Facts[1]

On August 5, 2008, a five count indictment was filed against Petitioner and two co-defendants in the United States District Court for the Northern District of Georgia. ECF No. 23. On December 9, 2008, a six-count superseding indictment was returned against Petitioner and his two co-defendants. ECF No. 63. On March 20, 2009, Petitioner entered into a written plea agreement by which he agreed to plead guilty to Counts One, Four and Six of the superseding indictment. ECF No.104-1.

Count One charged the following:

> Beginning on or about July 5, 2008, and continuing until on or about July 11, 2008, in the United States, the defendants, VICTOR ABILES GOMEZ, GERARDO SOLORIO REYEZ, a/k/a GERA, and OMAR MENDOZA VILLEGAS, all being nationals of Mexico, aided and abetted by each other and others unknown to the Grand Jury, did each intentionally seize and detain and threaten to kill, injure, and continue to detain O.R. in order to compel G.S. to do an act, that is, to produce money, as an explicit and implicit condition for the release of the hostage, O.R., all in violation of Title 18, United States Code, Sections 1203 and 2.

Count Four charged the following:

> Beginning on or about July 5, 2008, and continuing until on or about July 11, 2008, in the Northern District of Georgia, the defendants, VICTOR ABILES GOMEZ, GERARDO SOLORIO REYEZ, a/k/a/ GERA, and OMAR MENDOZA VILLEGAS, aided and abetted by each other and others known and unknown to the Grand Jury, did each knowingly and intentionally possess firearms, those being: one Kel-Tac, Model P-11, 9mm semi automatic pistol, serial number A2Q70; and one AR-15 .223 caliber semi-automatic assault rifle, serial number 28523, in furtherance of crimes of violence for which they may be prosecuted in a court of the United States, that is, Hostage Taking, Hostage Taking Conspiracy, and Interference with Commerce by Threats and Violence, as described in Counts One through Three above, all in violation of Title 18, United States Code, Section 924(c)(1)(A) and 2.

Count Six charged the following:

> Beginning on a date unknown to the Grand Jury but no later than early 2008, and continuing until on or about July 11, 2008, in the Northern District of Georgia and elsewhere, the defendants, VICTOR ABILES GOMEZ, GERARDO SOLORIO REYEZ, a/k/a/ GERA, and OMAR MENDOZA VILLEGAS, did knowingly combine, conspire, confederate, agree, and had a tacit understanding with one another and with other persons known and unknown to the Grand Jury, to violate Title 21, United States Code Section 841(a)(1), that is, to knowingly and intentionally possess

---

[11] Facts constructed from Petitioner's criminal case number 1:08cr314 in the United States District Court for the Northern District of Georgia, which can be found on PACER.

with the intent to distribute cocaine, a Schedule II controlled substance, said conspiracy involving at least five (5) kilograms of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(ii).

Pursuant to the plea agreement, Petitioner acknowledged that he would be subject to the following maximum and mandatory minimum periods of incarceration:

As to Count One

(a) Maximum term of imprisonment: LIFE.

(b) Mandatory minimum term of imprisonment: None.

As to Count Four

(a) Maximum term of imprisonment: LIFE.

(B) Mandatory minimum term of imprisonment: Seven (7) years in addition to the sentence imposed pursuant to Count One.

As to Count Six

(a) Maximum term of imprisonment: LIFE.

(b) Mandatory minimum term of imprisonment: Ten (10) years.

ECF No. 104-1 at 2-3.

Petitioner's sentencing hearing was conducted on July 7, 2009. ECF No. 113. As reflected in the Judgment, Petitioner was sentenced to a term of Two Hundred Ten (210) months on each of Counts 1 and 6 to run concurrently, and 84 months on Count 4 to run consecutively for a total of Two Hundred Ninety Four months.[2] ECF No. 114. Petitioner did not file an appeal.

---

[2]According to the BOP website, Petitioner's projected release date is December 20, 2029.

On December 31, 2012, Petitioner filed a *pro se* motion for reduction in his sentence pursuant to 18 U.S.C. § 3582(c). ECF No. 158.   That code section permits a sentence reduction only (1) if the Director of prisons files the motion or (2) the defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Because neither circumstance existed in Petitioner's case, the motion was denied on February 8, 2013.   In addition, the Court determined that there was no other legal avenue to grant Petitioner relief. Notably because Petitioner's conviction had become final over a year ago, a motion to vacate would be untimely. ECF No. 159.   Petitioner appealed this decision, and on July 15, 2015, the Eleventh Circuit Court of Appeals dismissed for want of prosecution. See 13-10873.

On March 16, 2015, Petitioner filed a "Letter of Inquiry," [ECF No. 177], which the Court construed as Petitioner's first motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Pursuant to Castro v. United States, 540 U.S. 375, 383 (2003), the Court advised Petitioner that any subsequent § 2255 motion would be subject to restrictions on second or successive motions, and provided him with thirty (30) days to submit an amended § 2255 motion that set forth all claims he wished to assert and present any arguments he might have to show cause why his § 2255 motion should not be dismissed as untimely. Finally, the Court notified Petitioner that failure to respond to the order would be interpreted as a withdrawal of the motion.   ECF No. 178. When Petitioner failed to respond, a Report and Recommendation was entered recommending that the § 2255 motion be dismissed. ECF No. 180. On May 28, 2015, the § 2255 motion was denied and dismissed. ECF No. 184.   Finally, Petitioner has submitted his

habeas corpus petition under 28 U.S.C. §2241 with this court, alleging that he is entitled to relief in light of the decision in <u>Alleyne v. United States</u>, 133 S.Ct. 2151 (2013).

### III. Petitioner's Claims

In support of his section 2241 petition before this Court, Petitioner alleges that his Fifth Amendment right to indictment by a grand jury was violated. More specifically, Petitioner maintains that the indictment did not allege any quantified amount of cocaine, but instead, referenced 21 U.S.C. § 841(b)(1)(A)(ii), which was based on a specific minimum drug quantity and imposed a minimum prison term In addition, Petitioner alleges that his Sixth Amendment right to have a jury determine the elements of a criminal offense beyond a reasonable doubt were violated. Citing <u>Alleyne v. United States</u>, 133 S.Ct. 2151 (2006), Petitioner argues that any fact that increases a mandatory minimum sentence for an offense is an element and must be alleged in the indictment and submitted to a jury. It would appear that Petitioner is challenging the calculation of his sentence utilizing U.S.S.G. Sections 2A4.1, 2D1.1 and application of 18 U.S.C. § 924(c)(1)(A)(ii). For relief, Petitioner requests that his sentence be vacated and remanded back for re-sentencing "without the finding that Petitioner brandished the firearm, that the sentencing factors found in hostage taking be vacated or re-sentence as Petitioner never acted with deliberate cruelty nor the victim sustained any bodily injuries to seek a departure and increase the mandatory minimum and under section 841(b)(1)(c) for the drug portion of the defective superseding indictment." ECF No. 1 at 8.

### IV. Standard of Review

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and

recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); <u>see also</u> Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

## V. Analysis

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a §2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 due to a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate

or ineffective.  In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).   Moreover, in Jones, the Fourth

Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction
> when: (1) at the time of the conviction, settled law of this circuit or
> the Supreme Court established the legality of the conviction; (2)
> subsequent to the prisoner's direct appeal and first §2255 motion, the
> substantive law changed such that the conduct of which the prisoner
> was convicted is deemed not to be criminal; and (3) the prisoner
> cannot satisfy the gate-keeping provisions of §2255 because the new
> rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

Therefore, the remedy provided under §2255(e) opens only a narrow door for a

prisoner to challenge the validity of his conviction or sentence under §2241. Based on the

language in Jones it is clear the Fourth Circuit contemplated a situation in which a prisoner is

imprisoned for an offense which is no longer a crime.   Here, Petitioner does not argue that he is

imprisoned for an offense which is no longer a crime. Rather, relying on Alleyne, he argues that

his sentence is invalid because the indictment did not charge a specified amount of drugs, and a

jury did not make the necessary findings to increase his mandatory minimum sentence.

Fundamentally, "Fourth Circuit precedent does not support the extension of the savings

clause to petitioners who challenge only their sentences." Petty v. O'Brien, No. 1:11cv9, 2012

WL 509852 (N.D.W. Va. Feb. 15, 2012) (citing United States v. Poole, 531 F.3d 263, 267 n. 7

(4th Cir. 2008)). Rather, the § 2255 savings clause is "confined to instances of actual innocence

of the underlying offense of conviction," not just "innocence" of a sentencing factor. Darden v.

Stephens, 426 F. App'x 173, 174 (4th Cir. 2011)(per curiam) (emphasis added) (refusing to

extend the savings clause to reach the petitioner's claim that he was actually innocent of being a

career offender).   Here, as previously noted, Petitioner does not assert that the conduct for which he was actually convicted is no longer criminal.   See In re Jones, 226 F.3d at 334.

Accordingly, relying on the decision in Petty, and the guidance of the Fourth Circuit in Darden, the undersigned concludes that Petitioner's Alleyne argument fails to state a cognizable § 2241 claim.   See also Little v. Hamidullah, 177 F. App'x 375, 375-76 (4th Cir. 2006); Green v. Hemingway, 67 F.App'x 255, 257 (6th Cir. 2003) ("Even if it is assumed that [Petitioner]'s allegations are true, the 'actual innocence' exception of the savings clause of § 2255, as it has been interpreted by this Court, is actual innocence of the underlying, substantive offense, not innocence of a sentencing factor.") (internal quotations omitted); Kinder v, v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000) (holding that § 2241 is not available where a petitioner "makes no assertion that he is innocent of the crime for which he was convicted"); White v. Rivera, 518 F.Supp.2d 752, 757 n.2 (D.S.C. 2007), aff'd 262 F.App'x 540 (4th Cir. 2008) ("Furthermore, his 'actual innocence' argument concerning an enhancement does not entitle him to relief under § 2241, as it 'is not the type of argument that courts have recognized may warrant review under § 2241.'"); Boynes v. Berkebile, No. 5:10cv00939, 2012 WL 1569563, *7 (S.D.W. Va. May 1, 2012).

Furthermore, Petitioner's attempt to invoke the holding in Alleyne is misplaced. In Alleyne, a defendant was convicted by a jury of using or carrying a firearm in relation to a crime of violence under § 924(c)(1)(A). At sentencing, the district judge determined that the defendant had brandished the firearm and sentenced the defendant to a seven-year sentence based upon a mandatory minimum in accordance with the brandishing finding. 133 S.Ct. at 2151. The United States Supreme Court held that the brandishing determination by the sentencing judge was

improper because any factual issue triggering a statutory mandatory minimum sentence must be submitted to a jury, rather than determined by a judge at sentencing, because "the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to a jury." Id, at 2162.

This decision extended the Supreme Court's prior holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), in which the Court found that any fact which increases the statutory maximum penalty for a crime as applicable to a specific defendant must be submitted to, and decided by, a jury. See Simpson v. United States, No. 13-2373 2013 U.S. App. LEXIS 12902 *1 (7th Cir. July 10, 2013)(noting that Alleyne is an extension of Apprendi).

A number of courts that have considered the question thus far have found that Alleyne, in that it is a mere extension of Apprendi, is not intended to be retroactively applied. See id., United States v. Reyes, No. 2:11cv6234, 2013 U.S. Dist. LEXIS 112386 *49-*56 (E.D. Pa. August 8, 2013); United States v. Eziolisa, No. 3:10cr39, 2013 U.S. Dist. LEXIS 102150 *3 (S.D. Ohio July 22, 2013); United States v. Standley, No. 09-0022, 2013 U.S. Dist.  LEXIS 98943 *7 (N.D. Okla. July 16, 2013); Affolter v. United States, No. 13-14313, 2013 U.S. Dist. LEXIS 104835 *2 (E.D. Mo. July 26, 2013).

Furthermore, Alleyne is clearly distinguishable from Petitioner's case. In Alleyne, the defendant was convicted by a jury.  Conversely, Petitioner signed a plea agreement and thus waived his right to have sentencing determinations made by a jury.  Moreover, in signing the plea agreement, Petitioner acknowledged that he was subject to a mandatory term of imprisonment of seven (7) years as to Count Two for violation of 18 U.S.C. § 924(c)(1)(A)(ii)

and a mandatory term of ten (10) years as to Count Six pursuant to 21 U.S.C. §846(b)(1)(A)(ii).

Finally, Petitioner acknowledged that he faced up to life on each count.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

## IV. Recommendation

Based on the foregoing, the undersigned recommends that the petition be **DENIED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: August 15, 2016.


*/s Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE